## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### Urbana Division

| | |
|---|---|
| SHERRIE A. BENDER, | |
| **Plaintiff,** | |
| **v.** | **Case No. 16-2160** |
| NANCY A. BERRYHILL, **Acting Commissioner of Social Security,** | |
| **Defendant.** | |

### REPORT AND RECOMMENDATION

Plaintiff Sherrie A. Bender seeks review under 42 U.S.C. § 405(g) of the Social Security Administration's denial of her application for disability insurance benefits and supplemental security income. The parties have filed cross motions for summary judgment. For the reasons explained below, the Court recommends that Plaintiff's Motion for Summary Judgment **(#12)** be **DENIED**, Defendant's Motion for Summary Judgment **(#19)** be **GRANTED**, and that the decision to deny benefits be affirmed.

**I.      Background**

On August 30, 2014, Plaintiff filed an application for disability and disability insurance benefits, alleging disability beginning September 13, 2012. Plaintiff's claim was denied initially on January 22, 2014, and upon reconsideration on June 13, 2014. An Administrative Law Judge (ALJ) held a video hearing on July 1, 2015, during which Plaintiff was represented by counsel. Following the hearing the record remained open for the submission of additional medical evidence, which was received and marked as Exhibits 15F-20F. The ALJ issued a decision on October 7, 2015, finding Plaintiff not disabled. (R.16-25).

The ALJ found that Plaintiff has the severe impairments of anemia, peripheral neuropathy, degenerative disc disease of the lumbar spine, headaches, and diabetes mellitus. (R.18). The ALJ determined that Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of one of the listed impairments in CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.92(6)). Additionally, the ALJ found that Plaintiff has the residual functional capacity (RFC) to perform light work, as defined in 20 C.F.R. 416.967(b), but with the following limitations:

> she can occasionally climb ladders, ropes and scaffolds, ramps and stairs. She should avoid concentrated exposure to loud noise, dangerous machinery and unprotected heights. (R.20)

The ALJ found that Plaintiff does not have past relevant work, but concluded that, considering Plaintiff's age, education, work experience, and RFC, Plaintiff is capable of performing jobs that exist in significant numbers in the national economy. (R.24). Plaintiff filed a request for review, which the Appeals Council denied, making the ALJ's ruling the Commissioner's final decision.

## II.    Standard of Review

In reviewing the ALJ's decision, this Court does not try the case *de novo* or replace the ALJ's findings with the Court's own assessment of the evidence. *Pugh v. Bowen*, 870 F.2d 1271, 1274 (7th Cir. 1989). Instead, the Court must affirm the decision to deny benefits if the ALJ correctly applied the law and supported the decision with substantial evidence. *Jelinek v. Astrue*, 662 F.3d 805, 811 (7th Cir. 2011). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Stated differently, if reasonable minds could differ as to whether Plaintiff is disabled, the Court must uphold the ALJ's decision to deny benefits. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Importantly, in order for the Court to evaluate the ALJ's analysis, the ALJ must build a "logical bridge from the evidence to his conclusion." *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000).

## III.   Analysis

Plaintiff argues that (1) the Appeals Council failed to consider new and material evidence; (2) the ALJ erred by failing to request a medical expert be present at the

hearing; (3) the ALJ's RFC assessment was not supported by substantial evidence; and (4) the ALJ's assessment of Plaintiff's subjective symptoms was legally insufficient.

### a. New and Material Evidence

Plaintiff first argues that the Appeals Council failed to take into account new and material evidence that was not submitted to the ALJ. In determining whether the Appeals Council will evaluate additional evidence provided to it, the evidence must be "new and material" and "relate to the period on or before the date of the [ALJ] decision." *Stepp v. Colvin*, 795 F.3d 711, 721 (7th Cir. 2015) (*citing* 20 C.F.R. 404.970(b)). Once the Council has determined that the additional evidence fulfills these requirements, it must then evaluate the record including the new evidence. *Id.* If the Council determines, after this evaluation, that the ALJ's conclusions are "contrary to the weight of the evidence," then it will grant *de novo* review of the ALJ's decision. *Id.* (*citing* 20 C.F.R. 404.970(b)).

Not all decisions of the Appeals Council with respect to additional evidence are reviewable by this Court. *Id.* at 722. When the Council determines the additional evidence is not new and material, and therefore does not qualify under the regulation, the Court does retain jurisdiction to review the Council's determination for legal error. *Id.* However, where the Council determines the additional evidence is new, material and time-relevant, but denies review, concluding the record, as supplemented, does not demonstrate the ALJ's decision to be "contrary to the weight of the evidence," the Council's decision is "discretionary and unreviewable." *Id.* (*citing Perkins v. Chater*, 107 F.3d 1290, 1294 (7th Cir. 1997). The Seventh Circuit has held that boilerplate language that the Appeals Council deemed the evidence new and material, but not a basis for changing the ALJ's decision, is not sufficient to show that the Appeals Council engaged in a substantive review of the new evidence. *See Stepp*, 795 F.3d at 724-725.

The ALJ decided Plaintiff's case through October 7, 2015. Any records generated after that period were properly rejected by the Appeals Council. *See* 20 C.F.R. §

404.970(b). As to the additional evidence[1] submitted to the Appeals Council that related to Plaintiff's impairments from early 2015 through October 2015, the Appeals Council stated that "[w]e concluded that the additional evidence does not provide a basis for changing the Administrative Law Judge's decision." (R.2). This boilerplate language fails to establish that the Council substantively considered the additional evidence. *Stepp*, 795 F.3d 724-725, Therefore, the Court will assume the Appeals Council found that the additional evidence was not new and material. *Finley ex rel. A.G. v. Berryhill*, 2017 U.S. Dist. LEXIS 82695, *6 (N.D. Ill. 2017).

Evidence is "new," within the meaning of the regulations, if it was "not in existence or available to the claimant at the time of the administrative proceeding." *Stepp*, 795 F.3d at 725. It is "material if it creates a reasonable probability that the Commissioner would have reached a different conclusion had the evidence been considered." *Id*. Here, the evidence is new because it was submitted only to the Appeals Council after the ALJ had rendered his decision. However, contrary to Plaintiff's argument, the evidence is not material as it would not have changed the ALJ's decision.

Plaintiff argues that the evidence is material because it shows that her cervical spine disease would last for more than 12 months. Yet, there are ample notations within the new evidence that Plaintiff could walk, unassisted, with normal gait and had equal strength in both her extremities. It also includes notations that Plaintiff had full range of motion, intact sensation, and normal motor strength and tone, along with no evidence of atrophy or weakness. *See* (R.864-924).

Plaintiff is correct that this additional evidence contains complaints of pain and a referral for physical therapy. However, the ALJ specifically took into account Plaintiff's complaints of back and shoulder pain in his original decision. (R.22). The ALJ pointed to evidence showing that Plaintiff herself reported that her pain was managed through injections. (R.22; R.658; R.664). The new evidence, according to Plaintiff, relates to

---

[1] The additional evidence received by the ALJ was marked as Exhibits 15F-20F. (R.761-855). The additional evidence consists of treatment records from Dr. Maly, hospital records, emergency department records, and other miscellaneous medical records.

Plaintiff's complaints about back and shoulder pain as well as receiving injections to manage that pain. *See* Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security, pg. 9-10. Put another way, the evidence presented to the Council, while new, appears to include information already considered by the ALJ. This new evidence shows that plaintiff continued to undergo injections to manage her pain, which is similar to evidence that was already considered by the ALJ. Therefore, the new evidence is not "material," as it would not have changed the ALJ's decision. The Appeals Council's decision was not erroneous.

**b. Medical Expert**

Plaintiff next argues that the ALJ erred by failing to request the presence of a medical expert at the hearing. Plaintiff cites to SSR 96-6p to argue that the ALJ was required to call a medical expert for an updated opinion. SSR 96-6p, however, governs a situation where additional evidence may change the ALJ's opinion on whether Plaintiff meets or equals a Listing. *See* SSR 96-6p. Plaintiff has not challenged the ALJ's determination that Plaintiff does not meet or medically equal one of the Listings.

Plaintiff also cites to *Campbell v. Astrue*, 627 F.3d 299 (7th Cir. 2010). *Campbell* is distinguishable. In *Campbell*, the state agency physicians did not have the benefit of reviewing the plaintiff's mental health records that diagnosed him with major depressive disorder with psychotic features and Bipolar Disorder with depressive features. *Campbell*, 627 F.3d at 309.

Here, as already discussed, the new evidence Plaintiff refers to relates to the same impairments and complaints as the medical evidence that was actually considered by the ALJ. There is no new diagnosis in the additional evidence that would have changed the ALJ's conclusion. Rather, the evidence again deals with Plaintiff's pain and its treatment with injections; the same evidence that the ALJ (and the state agency medical consultant Dr. Oh) relied upon in determining that Plaintiff is capable of performing a limited range of light work. Thus, the ALJ's decision not to request a medical expert at the hearing was not reversible error.

**c. RFC**

Plaintiff's third argument is that the ALJ failed to support his RFC determination with substantial evidence. The ALJ must determine an individual's RFC, or "what an individual can still do despite his or her limitations," SSR 96–8p, based upon medical evidence as well as "other evidence, such as testimony by the claimant or his friends and family." *Murphy v. Colvin*, 759 F.3d 811, 818 (7th Cir. 2014) (quoting *Craft v. Astrue*, 539 F.3d 668, 676 (7th Cir. 2008). "An ALJ must articulate in a rational manner the reasons for his assessment of a claimant's residual functional capacity, and in reviewing that determination a court must confine itself to the reasons supplied by the ALJ." *Getch v. Astue*, 539 F.3d 473, 481-482 (7th Cir. 2008). However, "an ALJ need not mention every piece of evidence." *Denton v. Astrue*, 596 F.3d 697, 700 (7th Cir. 2004). Rather, the ALJ is only required to "minimally articulate his or her justification for rejecting or accepting specific evidence of disability." *Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988).

In arriving at his RFC determination, the ALJ relied on state agency physician Dr. Oh's assessment that Plaintiff is capable of performing light work. Plaintiff argues that this was error because the ALJ failed to explain whether the later submitted additional evidence required more or additional limitations than those prescribed by Dr. Oh. For the reasons already discussed, this later submitted evidence was similar to evidence already considered by both the ALJ and Dr. Oh, dealing with Plaintiff's back and shoulder pain as well as her treatment of such using injections.

Plaintiff also argues that the ALJ's RFC includes no restriction on Plaintiff's ability to handle and finger. However, as the ALJ noted, no treating physician has referred Plaintiff for physical therapy (relating to her hands) or recommended any treatment beyond splinting in relation to her carpal tunnel syndrome. (R.19; R.304). Moreover, there are multiple medical records that show Plaintiff as having full range of motion in her shoulders, elbows, and wrists, as well as full grip strength and normal fine and gross manipulative findings. (R.280-284) (showing full range of motion in extremities); (R.287-288) (showing normal range of motion tests for the shoulder, spine, elbow, and wrist); (R.290) (showing no difficulty in fine and gross manipulative

movements of hands in fingers in both hands). Plaintiff herself testified to her ability to pinch, pick up small objects, tie shoelaces, play games on her cell phone, and lift approximately 20 pounds, among other things. (R.21). There is ample evidence to support the ALJ's decision to not include handling and fingering limitations within Plaintiff's RFC.

Plaintiff argues that she consistently experienced headaches, yet the ALJ included no limitations due to this impairment. The ALJ's RFC restricts Plaintiff to light work. (R.20). The ALJ included additional limitations that Plaintiff was required to avoid exposure to loud noise. *Id.* While Plaintiff appears to argue that her headaches would preclude all work, the record reflects that the ALJ considered evidence that Plaintiff's headaches improve with ibuprofen and that she has had improvement in her headaches (although not complete relief). (R.719). There were also multiple records presented to the ALJ showing Plaintiff denied any presence of headaches. (R.280-284; R.446). The objective medical evidence showing Plaintiff denied headaches, coupled with Plaintiff's testimony that her headaches improved or were managed with medication, shows that the ALJ minimally articulated his reasons as to the restrictions prescribed for Plaintiff's headaches. *Steward v. Bowen*, 858 F.2d 1295, 1299 (7th Cir. 1988).

Plaintiff also argues that the ALJ failed to account for her dizziness and fatigue. The ALJ, however, limited Plaintiff to light work with only occasional climbing. (R.20). Plaintiff's RFC also limits exposure to dangerous machinery and unprotected heights. (R.20). Similar to Plaintiff's headaches, there was evidence of Plaintiff denying visual changes and testimony from Plaintiff that these symptoms improved with medication compliance. (R.280-284; R.676). Much like Plaintiff's headaches, the ALJ minimally articulated his reasons for finding that Plaintiff's dizziness and fatigue did not preclude all work.

Finally, Plaintiff argues that the ALJ failed to consider the effects of Plaintiff's mental impairments. The ALJ noted that Plaintiff was diagnosed with major depressive disorder, as well as generalized anxiety disorder. (R.23). Plaintiff was prescribed both Sertraline and Trazadone to treat these conditions. (R.23). The ALJ noted that Plaintiff's

mental health symptoms improved with this medication. Indeed, Plaintiff testified that her symptoms only return when she fails to take her medication. (R.59-60). Plaintiff, at a follow-up doctor visit, denied being depressed, hopeless, and suicidal, and reported no mental health symptoms at all. (R.696). Plaintiff's mood, throughout the record, is repeatedly reported as stable and calm. (Ex.11F; R.692-712). Plaintiff has failed to show reversible error in the ALJ's assessment of her mental health symptoms.

### d. Credibility

Finally, Plaintiff argues that the ALJ erred in evaluating her credibility. Credibility determinations by the ALJ are given deference because ALJs are in a special position to hear, see, and assess witnesses. *Murphy v. Colvin*, 759 F.3d 811, 815 (7th Cir. 2014). "Therefore, a court will only overturn an ALJ's credibility determination if it is patently wrong, which means that the decision lacks any explanation or support." *Id.* at 816. "In drawing its conclusions, the ALJ must explain her decision in such a way that allows the court to determine whether she reached her decision in a rational manner, logically based on her specific findings and the evidence in the record." *Id.*

The Court notes that the SSA has recently updated its ruling on evaluating symptoms in disability cases. In 16-3p, the "Social Security Administration announced that it would no longer assess the 'credibility' of an applicant's statements, but would instead focus on determining the 'intensity and persistence of [the applicant's] symptoms.'" *Cole v. Colvin*, 831 F.3d 411, 412 (7th Cir. 2016) (citing SSR 16-3p). SSR 16-3p eliminated the term "credibility" for an important reason; it intended to "clarify that subjective symptom evaluation is not an examination of the individual's character." SSR 16-3p.

Under SSR 16-3p, the ALJ "consider[s] all of an individual's symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical and other evidence in the record." "The determination or decision must contain specific reasons for the weight given to the individual's symptoms." SSR 16-3p. SSR 16-3p clarifies that the ALJ's role is not to impeach the claimant's character, but that the ALJ should continue to assess the credibility of pain

assertions by the claimant. *Cole*, 831 F. 3d at 412. Pain assertions "often cannot be either credited or rejected on the basis of medical evidence." *Id.*

Under SSR 16-3p, the ALJ must consider whether the objective medical evidence in the record is consistent with Plaintiff's subjective testimony regarding her alleged symptoms. Thus, while the ALJ's credibility assessment is not intended to be an examination of Plaintiff's character, the ALJ is still permitted to compare the consistency of Plaintiff's subjective testimony with the objective medical evidence in the record. *See* SSR 16-3p.

Here, consistent with SSR 16-3p, the ALJ did not engage in an impermissible examination of Plaintiff's character but, rather, compared the consistency of Plaintiff's subjective testimony with the objective medical evidence in the record. The ALJ found that the record failed to substantiate Plaintiff's claims of total disability due to anemia, fatigue, back pain, headaches, weakness, blurry vision, diabetes, and syncope. (R.21). In support of this conclusion, the ALJ cited the objective medical evidence that Plaintiff repeatedly denied any fever or chills, headaches, dizziness, weakness or blurry vision. (R.716-738). Dr. Ravanam, Plaintiff's physician, found no evidence of diabetes. (R.543-567).

The ALJ also noted that while Plaintiff complained of numbness in her legs, the medical records showed that her symptoms improved with physical therapy. In particular, her physical therapist reported 50% improvement and Plaintiff reported that she no longer experienced leg buckling. (R.457-524). As already noted, while Plaintiff reported pain in the shoulders and spine, the ALJ pointed to objective medical evidence showing that Plaintiff's pain improved. (R.651-666; R.739-760). While Plaintiff argues that her back pain continued, as already discussed, the new evidence shows that her back and shoulder pain continued to be managed with injections.

Plaintiff testified to having blurry vision, headaches, and dizziness. In assessing these conditions as not completely disabling, the ALJ noted substantial medical evidence showing Plaintiff denied visual changes and reported improvement (although not complete resolution) of her headaches. (R.716-738).

Additionally the records show that Plaintiff's symptoms improved over time. On February 11, 2015, Plaintiff reported lightheadedness and frequent headaches. (R.678). However, by March 4, 2015 Plaintiff reported that she felt lightheaded only on "occasion" and that it was far less often than before. (R.676). On March 14, 2015 Plaintiff again reported "some dizziness" (R.673), however on March 19, 2015, Plaintiff reported that she only gets one headache per month and that she currently did not have any medication at home to deal with her headaches. (R.841). On the same day Plaintiff reported that her headache was resolved after receiving Toradol. (R.842). In short, the ALJ did not completely discredit Plaintiff's complaints of headaches and dizziness. (R.22). Rather, the ALJ used objective medical evidence (and Plaintiff's own statements to her physicians) to support the conclusion that Plaintiff's headaches and dizziness are not completely disabling as Plaintiff claims.

Regarding mental health symptoms, the ALJ specifically pointed to a March 27, 2015 note where Plaintiff was described as not being depressed. (R.692-712). While Plaintiff is correct that she did report increased symptoms, all of Plaintiff's mental health notes show Plaintiff's mood as stable and calm. (Ex.11F; R.692-712). Additionally, Plaintiff points to no evidence in the record or any opinion from any physician that shows that Plaintiff's mental health symptoms prevented her from engaging in substantial gainful activity or limited her to any further work-related restrictions than those prescribed by the ALJ.

Finally, Plaintiff contends that the ALJ did not note qualifiers as to the activities of daily living ("ADLs") that Plaintiff could perform. The ALJ noted that Plaintiff was capable of managing her personal care, but, contrary to Plaintiff's contention, specifically noted that she had some difficulty doing so because of her hands. (R.23). Plaintiff argues that the ALJ impermissibly ignored that Plaintiff always had someone with her when she shopped. Plaintiff offers no testimony that she is unable to shop without someone with her; she only testifies that someone was with her when she did shop. More importantly, Plaintiff does not show how having someone with her on shopping trips is inconsistent with her ability to perform light work.

In short, the ALJ permissibly compared the consistency of Plaintiff's subjective testimony with the objective medical evidence in the record. *See* SSR 16-3p. Based on the objective medical evidence cited by the ALJ, the Court cannot say that the ALJ's decision lacks any explanation or support and therefore it will not be overturned.

## IV.     Conclusion

For these reasons, the Court recommends that Plaintiff's Motion for Summary Judgment **(#12)** be **DENIED**, Defendant's Motion for Summary Judgment **(#19)** be **GRANTED**, and that the decision to deny benefits be affirmed. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 8th day of September, 2017.

_____
          s/ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE